ROMULUS WARDLAW, plaintiff in error, vs. ELIZABETH WARDLAW, defendant in error.

1. When there was a motion for alimony, pending a bill for divorce, and the defendant in the motion, moved to continue, showing that a material witness was absent, without his consent, who lived in the county, and had been subpœned, etc., it was error in the Court to refuse the continuance, on the ground that the granting of alimony was wholly in the discretion of the Court, and that there was no necessity for the presence of all the witnesses.

2. The Judges of the Superior Courts should use great caution in granting alimony, so as not to encourage *applications* for divorce on light grounds.

Divorce. Alimony. Decided by Judge CLARK. Sumter Superior Court. April Term, 1869.

In 1866 Wardlaw married a widow who had a minor son. In 1867 she sued him for a divorce, upon the ground of cruel treatment, by compelling her to work in inclement weather, and at labor too severe for one of her delicate constitution, and by not providing for her support. Upon the first application therefor, Judge Vason, then presiding, " ordered that the Court, at present, declines to grant to the plaintiff any alimony or counsel fee." Afterwards, in October, 1867, he ordered Wardlaw to pay to her counsel $50 00, as alimony till January, 1868.

In April, 1869, her counsel again moved for alimony and fees. Wardlaw's counsel moved to continue the hearing of this motion, upon the ground of the absence of a witness, by whom he expected to show that while he and his wife lived together he provided well for her and his family, treated her with the utmost kindness, and her son, about six years old, with parental fondness; that this witness was present when

Mrs. Wardlaw left her husband's home, and that she had no cause to leave him, and that he, Wardlaw, was a poor man, worth not over $1,500 00 or $2,000 00, and was industrious. The Judge refused the continuance, saying that the divorce case not being on trial, there was no necessity for all the witnesses on each side, that the whole matter was in the discretion of the Court.

Wardlaw's counsel then insisted that there was no good ground for divorce, and asked the Court to take up and try the divorce case. Very many causes were ahead of it, and the Court was pressed for time, and would not then take it up.

Her counsel then showed that she was living with her brother, and was dependent on her friends for a support; that Wardlaw was worth about $2,000 00, and that counsel fees in the case should be $100 00, and produced various affidavits, etc., showing how her husband treated her, and how she left, etc.

The defendant replied with like testimony to show that he treated her well, and that her conduct was such as that she ought not to have alimony.

After argument, the Court ordered Wardlaw to pay $150 00 from the 1st of April, 1867, to the 1st of April, 1868, and $150 00 from the 1st of April, 1868 to 1st of April, 1869, for alimony, and $100 00 for counsel fees, said amounts to be paid quarterly, i. e., one quarter then, another on the 1st July, 1869, another on the 1st October, 1869, and the last on the 1st of January, 1870; and further, that he pay her, or some one by her authorized to take it, $12 50, monthly, till further order, and that he pay the costs of this proceeding. And he ordered that, upon failure of Wardlaw so to pay either of said installments, the clerk should issue an attachment directing the sheriff, or his deputies, to imprison him till he complied.

Wardlaw's counsel say the Court erred, because there was no ground for divorce in said case, and in the refusal of said continuance, in the refusal to try the case and this application together, because this matter of alimony and fees was *res*

Wardlaw vs. Wardlaw.

*adjudicata* by Judge Vason's order, because this allowance was too large, and because of his order for attachment to be issued by the Clerk.

HAWKINS & BURKE, S. H. HAWKINS, for plaintiff in error.

J. A. ANSLEY, C. T. GOODE, (by N. A. Smith,) for defendant.

MCCAY. J.

1. The witness shown to be absent, was a very material witness. Indeed, if the whole case is in the record, and the statement as to what this witness would prove is true, he seems to be about the only one, except the parties, who knows much about the matter. He is stated to have been personally conversant with the mutual conduct of the parties, and to have been present at the separation.

Whilst the granting or refusal of alimony is in the discretion of the Court, still that discretion is not the mere whim or notion of the Court. It is to be founded on evidence, and is to be exercised wisely. We think the Court ought to have continued the case, or, if not, have, at least, tried the main issue, at the demand of the husband. It is a great hardship for a husband to be compelled, from term to term, to pay attorneys and support their client, from his hard earnings, that they may make war upon him, and it is only from the necessity of the case that it is allowed. If the absent witness had been present, and had sworn as it is claimed he would—that Wardlaw had uniformly treated his wife kindly, and that he was present at the separation, and knew Mrs. Wardlaw had left without cause, we hardly think the Judge would have allowed the alimony.

2. The Court should be very cautious in granting alimony in suits by the wife for divorce. We are satisfied, from our observation, that these suits are not unfrequently founded in the hope of alimony. So far as the evidence goes in this case, the principal complaint seems to have been that the

husband insisted that the wife should aid him with her labor. He insisted she should work, at which she demurred, and left him. We do not think her conduct since the separation, is such as is commendable. We would not be censorious, yet we cannot but think this woman better off at home with her husband. In the changed state of affairs amongst us, it is a great stretch of female privileges to claim to sit with folded hands, and enjoy the fruits of the toil and sweat of the husband. We do not think such is the course of our *good* wives, and we are not disposed to encourage it.

We think, too, the alimony, in this case, is too much. In the sphere of life of these parties, the sum is large enough to enable the woman to live and do nothing. This, she has no right to do. And we reverse the judgment of the Court.