## WILLIAMS *v.* WILLIAMS.

Where pending a suit by a wife for divorce she applied for temporary alimony, alleging cruelty of the husband as the cause of separation, which he in his answer denied and therein charged that the separation was caused solely by adultery on her part, uncondoned by him; and where upon the hearing his answer, in these respects, was fully sustained by uncontradicted affidavits of other witnesses, the wife making no denial thereof and submitting no proof to sustain her allegation as to the cause of separation, it was, under such circumstances, an abuse of sound judicial discretion for the judge to allow her alimony.

Submitted January 13,— Decided February 7, 1902.

Petition for alimony. Before Judge Bennet. Glynn superior court. August 17, 1901.

*Courtland Symmes,* for plaintiff in error.

FISH, J. It appears from the record that Sarah Williams, pending a suit brought by her against her husband Gilbert Williams, for a divorce, petitioned the court for an order allowing her tem-

porary alimony, alleging, as the cause for her separation from her husband, that he cruelly treated her. Her petition, which was under oath, set out in detail the alleged cruel treatment. The petition, in this respect, was met by an absolute denial in the sworn answer of the respondent, wherein he set up that the sole cause of the separation was adultery on the part of the wife, uncondoned by him. Upon the hearing of the proceeding for alimony, the wife submitted no evidence to sustain her charge of cruelty against her husband, but the affidavits introduced by her rather tended to show that he was not guilty of such charge; nor does it appear that her petition was treated as evidence. The respondent put in evidence the affidavits of several witnesses, tending to disprove the charges of cruelty against him; and two of the affiants swore that shortly before the separation petitioner had been sleeping with a man other than her husband, and one of these affiants and another swore that petitioner, in their presence, confessed to her husband that she had committed adultery, and that thereupon he separated from her, she going to another town; and it appeared from the evidence that she and her husband had not since lived together. The petitioner neither denied these charges nor submitted any evidence to controvert them. The judge required respondent to pay petitioner $12 per month as temporary alimony, until otherwise ordered. To this judgment respondent excepted, one of the assignments of error being, that the evidence showed that the cause of the separation was the adultery of the wife, and that therefore she was not legally entitled to temporary alimony.

Formerly the general rule was, that, as the wife's property, by virtue of the marriage, vested in the husband, leaving her in poverty when acting apart from, or adverse to, him, the mere pendency of an action for divorce, when the wife had no separate property adequate to her support, and the husband had the means, entitled her, almost as a matter of course, to alimony while the litigation continued, whether she was plaintiff or defendant, and without regard to the grounds of the suit or the merits thereof. 2 Bishop, Marriage, Divorce, and Separation, § 935. The early decisions of this court seem to have recognized such rule. See *McGee* v. *McGee*, 10 *Ga.* 489.; *Methvin* v. *Methvin*, 15 *Ga.* 97; *Roseberry* v. *Roseberry*, 17 *Ga.* 139; *Frith* v. *Frith*, 18 *Ga.* 273; *Swearingen* v. *Swearingen*, 19 *Ga.* 265. We think, however, that the

rigor of this ancient rule was modified in this State upon the adoption of the code, wherein it is provided: "On applications for temporary alimony, the merits of the case are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Civil Code, § 2460. See, in this connection, *Dicken* v. *Dicken*, 38 *Ga.* 663. In *Wardlaw* v. *Wardlaw*, 39 *Ga.* 53, it appears that the wife sued the husband for a divorce upon the ground of cruel treatment, and applied for temporary alimony, alleging cruel treatment by the husband as the cause for the separation. The husband moved for a continuance of the hearing, in the matter of alimony, upon the ground of the absence of a witness by whom he expected to show that he had not treated her cruelly and that she had no cause to leave him. The motion for a continuance was overruled, and, upon the hearing, the court granted temporary alimony. Upon a review of the case, this court held: "It was error in the court to refuse the continuance, on the ground that the granting of alimony was wholly in the discretion of the court, and that there was no necessity for the presence of all the witnesses." See also *Hill* v. *Hill*, 47 *Ga.* 332, wherein Judge McCay said: "Suits for divorce and alimony ought not to be encouraged, and a case showing that it is proper to interfere ought to be made out, before so strong a measure should be taken as to force a man even to support his own children through other channels than his own hands and in his own way." In *Kendrick* v. *Kendrick*, 105 *Ga.* 38, the rule was recognized that, in determining whether or not temporary alimony will be allowed, the judge should exercise a sound judicial discretion.

When the judge, upon the hearing of an application for temporary alimony, hears evidence as to the cause and circumstances of the separation of the husband and wife, and the cause of separation alleged in the wife's petition is not supported by any evidence, but is, on the contrary, shown by the evidence submitted in behalf of the husband to be untrue, and such evidence shows that the sole cause of the separation was the infidelity of the wife, uncondoned by the husband, the wife, under such circumstances, is not legally entitled to an allowance as temporary alimony; she alone being responsible for the separation, the court should not compel the husband to support her pending the divorce suit, and thus enable her

to become the beneficiary of her own gross misconduct. This is the extent of our ruling. We do not mean to hold that upon a hearing for temporary alimony, pending an action for divorce, the judge must go into the merits of such action and render a judgment in accordance with the preponderance of the evidence, as such a practice might result in depriving a deserving wife, without sufficient means of her own, of the very benefits which the law seeks to bestow upon her, viz.: to compel.the husband, when able to do so, to provide her with the means with which to support herself and pay her counsel fees, in order that she may have a maintenance until the trial of the divorce suit, and that her side of the same may be properly presented to the jury in the trial of that action. . Our ruling, above stated, is supported by the decision in Koch v. Koch, 42 Barb. (N. Y.) 515. There the wife, pending a suit for divorce by the husband, applied for alimony and counsel fees to aid her in conducting her defense. On the hearing of the application the husband submitted affidavits tending to show the wife to be an adulteress, etc. A synopsis of the decision is as follows: "Formerly it was usual to grant alimony, and counsel fees, in all actions for divorce brought by a husband against his wife; but of late the rule has been relaxed, and an allowance will not be made where it appears from the affidavits that the defendant lived a life of prostitution before her marriage, that the plaintiff married her in the belief that she was a virtuous female, and that she has been guilty of repeated adulteries since her marriage, and has deserted him and is living with relatives who are able and willing to support her." Another case directly in point is Countz v. Countz, 30 Ark. 73, where it was held that where the plaintiff in a proceeding for divorce applies for alimony pendente lite, and an allowance for attorney's fees, she must make some showing of merit, by affidavits or otherwise, if the allegations are denied by an answer supported by proof. On the same general line, see Carpenter v. Carpenter, 19 How. Pr. 539; McKay v. McKay, 6 Grant's Ch. Rep. 380; Edwards v. Edwards, 20 Ib. 392; Griffin v. Griffin, 23 How. Pr. 189; Horst v. Horst, 18 Lanc. Law Rev. 14; Bailie v. Bailie, 52 N. Y. S. 228 ; Israel v. Israel, 59 N. Y. S. 800 ; Scott v. Scott, 9 Kulp (Pa.), 442; 2 Am. & Eng. Enc. Law (2d ed.), 97. It may be that the true cause of the separation of the husband and wife in the case now under consideration was cruel treatment of her

by him; but upon the hearing now under review there was absolutely no evidence to support that theory, but, on the contrary, as we have seen, the uncontradicted evidence affirmatively showed that her adultery was the sole cause of the separation. We must, of course, decide the case the record makes, and, in so doing, we have had no difficulty in reaching the conclusion that the granting of temporary alimony was an abuse of sound judicial discretion by our learned brother of the trial bench.

*Judgment reversed. All the Justices concurring.*