WALDEN v. WALDEN.

No. 7265. December 13, 1929.

*Hal Lawson* and *D. E. Griffin,* for plaintiff.

*Jon. P. Knight* and *A. J. McDonald & Son,* for defendant.

Beck, P. J. Mrs. Nell B. Walden brought suit for divorce against T. M. Walden. There were also prayers for permanent and temporary alimony. A hearing for temporary alimony came on, and this was denied by the judge. In his order the judge allowed her costs for preparing the case for appeal, and $75 as fees for counsel in the appellate court. The order sets forth the purpose for which the amount of $75 was allowed. Mrs. Walden excepted to the judgment refusing her temporary alimony.

The parties were married in 1917. Subsequently the wife obtained a divorce on the ground of cruel treatment. A reconciliation took place and the parties were remarried in 1925. They were again separated, and after a period of separation she filed the present suit. The evidence for the respondent tended to show that Mrs. Walden had been guilty of very imprudent, indiscreet, and reprehensible conduct, by her frequent associations and her alleged relations with a man by the name of Robert Prentiss. There was a conflict in the evidence touching the wife's conduct both before her first divorce and between the time of her last

marriage and the filing of the present suit for divorce. But it can not be said that there is conclusive proof that she was guilty of infidelity to her husband. It may be that upon the trial of the case, upon the issue of fact as to the wife's guilt of infidelity or her guilt of such conduct as would authorize her husband to separate from her without paying her alimony, the jury would find in favor of the husband. We refrain from any expression of opinion as to the weight of the testimony in favor of the two parties. But there is an issue of fact left by the testimony submitted to the judge on the hearing for temporary alimony. The wife by evidence makes an issue of fact upon all the evidence offered by the respondent to show that she had been guilty of reprehensible and improper conduct. Upon this issue of fact she will be entitled to a hearing before a jury; and pending that time she should have alimony allowed her and attorney's fees to present and urge her case in court. One of the weightiest circumstances adduced by the respondent was the finding by the husband, after the second marriage, of an envelope in his wife's room addressed to Robert Prentiss. The address upon the envelope was in the handwriting of the wife. She explained this by saying that she was writing to Prentiss to advise him of certain threats which the husband had made against him. The letter which was sent in that envelope, or which might have been sent in it, was not produced. She offered an explanation of this circumstance, and she is entitled to urge that explanation upon the trial of the case before a proper tribunal; and it would seem that she is entitled to have attorney's fees allowed her for this and alimony to support her until that trial takes place. In the case of Koch v. Koch, 42 Barb. (N. Y.) 515, it was said: "Formerly it was usual to grant alimony, and counsel fees, in all actions for divorce brought by a husband against his wife; but of late the rule has been relaxed, and an allowance will not be made where it appears from the affidavits that the defendant lived a life of prostitution before her marriage, that the plaintiff married her in the belief that she was a virtuous female, and that she has been guilty of repeated adulteries since her marriage, and has deserted him and is living with relatives who are able and willing to support her." This was quoted with approval in *Williams* v. *Williams*, 114 *Ga.* 772, 775 (40 S. E. 782), and the rule so stated is urged in the brief of counsel for defendant in error in the present

case. But in the *Williams* case it was said: "It may be that the true cause of the separation of the husband and wife in the case now under consideration was cruel treatment of her by him; but upon the hearing now under review there was absolutely no evidence to support that theory, but on the contrary, as we have seen, the uncontradicted evidence affirmatively showed that her adultery was the sole cause of the separation."

In the instant case there is no absolute proof of conduct on the part of the wife such as appeared by uncontradicted evidence in the *Williams* case. In this connection it must be borne in mind that temporary alimony and attorney's fees are awarded to afford the wife the means of contesting all the issues between herself and the husband. *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875), and cit. In the *Chapman* case the judgment refusing temporary alimony was reversed. See also *Powers* v. *Powers,* 158 *Ga.* 251 (123 S. E. 220). *Waycaster* v. *Waycaster,* 150 *Ga.* 75 (102 S. E. 358). "Upon proof of marriage and suit for divorce, a court will not very strictly scrutinize the conduct of a wife, for the purpose of determining her right to temporary alimony." *Methvin* v. *Methvin,* 15 *Ga.* 97 (60 Am. D. 664). In *McGee* v. *McGee,* 10 *Ga.* 477, 483, Judge Nisbet, rendering the opinion of the court, used this language: "Before the delinquency of the husband, if the wife is the libellant, or the guilt of the wife, if he is the libellant, is established, upon naked principles of equity she is entitled to the means of living, and also of redress of her wrongs in the former case, and of establishing her innocence in the latter case. Whatever may be said of the policy of divorces, the right to the means of prosecuting them, and of support during their pendency, so long as they are authorized by law, can not be questioned. The right to be divorced would be a bitter mockery, if to obtain it an injured wife is obliged to endure, not only violence to womanly delicacy, but penury and destitution. Equally revolting is it to a proud, albeit a wounded spirit, to be constrained to sue (as Judge Gaston suggests she may sue) in forma pauperis, and beg the whilst for food and raiment. Rather than submit to humiliation so great, an *innocent* woman would forego her rights, and endure the iron even whilst it pierced her heart. And what if she be not innocent— what if her suit be unfounded or her defense impossible? Surely, even then, she is entitled to the privilege of the vilest felon, that of

being heard. To be heard, she must have the means." There is a lengthier discussion of the *McGee* case, much lengthier and more forceful even than is indicated in the quotation which we have made above. Other cases from our own reports might be cited.

In view of the facts in this case and the authorities which we have cited and quoted from, we are of the opinion that temporary alimony should have been allowed; and also that there should have been allowed attorney's fees for prosecution of the case in the court below and continuing to prosecute it until the question of the wife's right to divorce and alimony is settled in the manner pointed out by the statute.

*Judgment reversed. All the Justices concur.*