## GRANT *v.* GRANT.

BELL, Justice. 1. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code, § 30-205.

2. On the hearing of the instant application for temporary alimony and attorney's fees, the evidence, though conflicting, authorized the inference that the wife deserted her husband for the purpose of living in a state of adultery with another man; and that even though the husband "attempted to get her to return to him," she refused to do so. In the circumstances; the judge did not err in refusing to allow any sum either as alimony or as attorney's fees. *Dicken* v. *Dicken,* 38 *Ga.* 663; *Hill* v. *Hill,* 47 *Ga.* 332; *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782); *Pearson* v. *Pearson,* 125 *Ga.* 132 (54 S. E. 194); *Parks* v. *Parks,* 126 *Ga.* 437 (55 S. E. 176); *Coley* v. *Coley,* 128 *Ga.* 654 (58 S. E. 205); *Giradot* v. *Giradot,* 170 *Ga.* 905 (154 S. E. 352).

(a) The present case is distinguished by its facts from *Chapman* v. *Chapman,* 162 *Ga.* 358 (133 S. E. 875), in which a judgment refusing alimony was reversed by this court. In that case there was an issue as to the validity of the marriage, and the refusal of the application by the judge of the lower court was based upon a finding against the wife on that issue, without any reference to her conduct.

(b) The decision in *Walden* v. *Walden,* 169 *Ga.* 586 (151 S. E. 22), was apparently based upon the law as it existed before the adoption of the Code of 1863, containing the section as quoted above from the present

Code. It is also in conflict with earlier unanimous decisions which must be given preference as authority, some of which decisions are cited in the preceding note. See especially *Coley* v. *Coley*, supra.

*Judgment affirmed. All the Justices concur.*

No. 11672. APRIL 16, 1937.

*Benjamin E. Pierce Jr.,* and *Harry H. Bell Jr.,* for plaintiff.
*C. Wesley Killebrew,* for defendant.