## MOSS *v.* MOSS.

No. 14567. JULY 8, 1943.

*Hamilton Kimzey* and *Herbert B. Kimzey,* for plaintiff in error.
*J. B. G. Logan,* contra.

DUCKWORTH, Justice. It is contended by counsel for the plaintiff in error that it was an abuse of discretion to refuse to allow temporary alimony, for the reason that the wife presented evidence

that her pregnancy was caused by the husband before marriage, and that when she made known such fact to him he admitted that he was the father of the child; and that, while in his response he denied such parentage, he did not on the hearing offer any testimony to contradict her charge. In addition to the evidence set forth in the statement of facts it is stated in the brief of counsel for the husband that his sworn response was introduced in evidence; and upon this response counsel strongly relies as creating a conflict with the evidence on behalf of the wife. The record does not disclose whether or not such response, which was sworn to from the knowledge of the affiant and not from his information and belief, was in fact introduced in evidence; but in a case of this kind its actual introduction is not necessary to enable the court to consider it in exercising its discretion as to the grant of temporary alimony. In *Rogers* v. *Rogers,* 103 *Ga.* 763, 765 (30 S. E. 659), in which all the Justices concurred, it was said: "The hearing of an application for temporary alimony is only a preliminary investigation, and the order granting such alimony is merely interlocutory, subject to review or modification at any time. Proceedings for a divorce and for alimony have always, under the practice in this State, been regarded as equitable. Following out the reasoning of counsel for the plaintiff in error, the judge in the trial of an application for injunction would be compelled to hear the witnesses orally, and to allow them to be subjected to cross-examination. In regard to the practice in applications for injunctions, the Civil Code, § 4925 [Code of 1933, § 55-202], declares: 'When any hearing shall take place in conformity to the rules of law now existing for granting and dissolving injunctions, the judge before whom said hearing takes place may grant or refuse said injunction on the terms the law now requires.' If the word 'hearing' contemplates oral examination in an application for alimony, it would apply also to an application for injunction." It was ruled: "On the hearing of an application for temporary alimony, the judge has the discretion to hear the testimony either by affidavits or orally." See *Whitfield* v. *Whitfield,* 127 *Ga.* 419, 421 (2) (56 S. E. 490). The response of the husband, having been positively sworn to, was itself as much of an affidavit as if its contents had been placed in a separate paper in the usual form of an affidavit, and sworn to. Under the decisions above mentioned the pleadings in an

alimony case stand on the same footing as those in an injunction proceeding; and of course, in such latter instance, "The petition and the answer, both being verified, served the office of both pleading and evidence." *Saint Amand* v. *Lehman,* 120 *Ga.* 253 (4) (47 S. E. 949); *Roberts* v. *Roberts,* 180 *Ga.* 671 (3) (180 S. E. 491); *Atlantic Coast Line R. Co.* v. *Gunn,* 185 *Ga.* 108 (4), 111 (194 S. E. 365); *Grizzel* v. *Grizzel,* 188 *Ga.* 418 (2), 422 (3 S. E. 2d, 649). Consequently the judge, having before him the positively sworn response of the husband, had the right to take into consideration the facts set up therein, without it being formally introduced in evidence.

A mere reading of the evidence, including the sworn answer of the husband, shows a marked conflict as to the cause and circumstances of the separation. The wife swore that the husband was the father of her child, as a result of sexual intercourse under a promise of marriage. He swore that he never had sexual intercourse with her before marriage, and that shortly after the marriage she confessed to him a pregnancy previously unknown to him, naming the father of the child, a young man who had entered the armed forces of the United States Government, and whose name the husband would disclose if directed by the court. If in truth the husband was not the father of the child, he was under no obligation for its needs; and as to the allowance of temporary alimony to the wife, it is provided in the Code, § 30-205; "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Under numerous decisions of this court the discretion of the judge in allowing or disallowing alimony and attorney's fees under this section will not be controlled, unless that discretion is shown to have been flagrantly abused. Under the marked conflict above referred to, and other evidence before him, it can not be said that any flagrant abuse of discretion appears in the disallowance of alimony by the judge. Accordingly the judgment will not be disturbed.

Counsel for the plaintiff in error argues that the judgment should be reversed, for the reason that it appears to have been based on knowledge gained elsewhere than on the hearings, be-

cause it is recited in the judgment that "The trial of the case before the jury at the March term, 1943, was continued by the defendant. The evidence of the plaintiff on the alimony feature, in my opinion, preponderates, and on vital issues. I am constrained to refuse at this time to award temporary alimony." It is contended that the case was not continued by the plaintiff in error, and that she had no opportunity to contradict or explain anything which happened at the March term, 1943, which was several weeks after the evidence on the question of temporary alimony had been presented. What we gather from this argument is that counsel conceives that in rendering the judgment the judge took into consideration "circumstances" disclosed at the March term, 1943, of which counsel was not aware and had no opportunity to explain. We do not think the judgment is susceptible of any such construction. Clearly the "circumstances" referred to in the judgment were those set forth in its opening portion, without any intimation (though it was stated that the trial of the case before a jury at the March term, 1943, was continued by the defendant) that any testimony on the question of alimony was presented at that time or at any time since the hearings on January 30, 1943, and February 13, 1943, at which at least one of the defendant's counsel was present.

The contention that the court erred in refusing to allow attorney's fees is without merit, inasmuch as it is shown by the judgment that the court merely postponed, until the hearing of the divorce case on its merits, any ruling on the question. of attorney's fees.      *Judgment affirmed.   All the Justices concur.*