JOYNER *v.* JOYNER.

No. 14747. February 12, 1944. Rehearing denied March 9, 1944.

480

H. B. Williams, R. L. Maynard, and *Dykes, Bowers & Dykes,* for plaintiff.

*Jule Felton, Hollis Fort,* and *R. L. LeSueur,* for defendant.

BELL, Chief Justice. "Whenever an action for divorce, at the instance of either party, or a suit by the wife for permanent alimony, shall be pending, the wife may, at any regular term of the court in which the same shall be pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and, after hearing both parties and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." Code, § 30-202. "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; also any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused." § 30-203. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." § 30-205. In the instant case, on conflicting evidence as to the cause and circumstances of the separation and as to the validity of the contract, as indicated in the judge's order, he would have been authorized to allow some amounts as temporary alimony and attorneys' fees, in advance of a jury's verdict, or he might in his discretion have refused both entirely. *Gaulding* v. *Gaulding,* 184 *Ga.* 689 (192 S. E. 724); *Fulenwider* v. *Fulenwider,* 188 *Ga.* 856 (5) (5 S. E.

2d, 20); *George* v. *George,* 130 *Ga.* 608 (61 S. E. 401); *Giradot* v. *Giradot,* 170 *Ga.* 905 (154 S. E. 352); *Bulloch* v. *Bulloch,* 188 *Ga.* 699 (4 S. E. 2d, 630); *Moss* v. *Moss,* 196 *Ga.* 340 (26 S. E. 2d, 628). See also, in this connection, *Preston* v. *Preston,* 160 *Ga.* 200 (2) (127 S. E. 860); *Grant* v. *Grant,* 184 *Ga.* 339 (191 S. E. 98); *Barnett* v. *Barnett,* 191 *Ga.* 501 (4) (13 S. E. 2d, 19); *Sumner* v. *Sumner,* 121 *Ga.* 1 (7) (48 S. E. 727).

In a case where the judge may in his discretion either grant or refuse temporary alimony and attorneys' fees, the failure to exercise such discretion is erroneous. In this case, it affirmatively appears from the language of the order that the judge did not exercise the discretion so vested in him, but denied the application for temporary alimony and attorneys' fees upon the erroneous theory that all questions "entitling the wife to . . alimony were for a jury and not the judge to decide," and that it would not be proper to allow such relief "in advance of a jury's verdict upon the issues involved." Compare *Rogers* v. *State,* 101 *Ga.* 561 (2) (28 S. E. 978); *Central of Georgia Railway Co.* v. *Harden,* 113 *Ga.* 452 (38 S. E. 949); *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912); *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. Rep. 71, 1 Ann. Cas. 606); *Livingston* v. *Taylor,* 132 *Ga.* 1 (7) (63 S. E. 694); *Wilder* v. *State,* 193 *Ga.* 337 (18 S. E. 2d, 546).

Accordingly, the judgment must be reversed for apparent failure of the judge to exercise the discretion vested in him by law, under the circumstances. However, a new hearing will not be necessary, unless the judge deems such procedure advisable, but he may, upon a reconsideration of the evidence heretofore introduced, make a redetermination of the issues as to temporary alimony and attorneys' fees, and either grant or refuse the same, in the exercise of a sound legal discretion. As to this phase, the case differs from *Moss* v. *Moss,* supra, where the judge merely postponed decision on the question of attorneys' fees, and the order did not show a failure to exercise discretion in the matter.

As a matter of fact, the judge, in this case, may have reached his conclusion in an entirely proper manner, merely using inapt phraseology in drawing his order, but we think the language used will bear no other reasonable interpretation than that which we have placed upon it, and consequently, under the facts of the case, we can not do otherwise than reverse the judgment.

*Judgment reversed. All the Justices concur.*