COOK v. COOK.

No. 14854. JUNE 6, 1944.

*Frank Grizzard* and *Frank A. Bowers,* for plaintiff in error.
*Howard, Camp & Tiller* and *J. J. Simpson Jr.,* contra.

ATKINSON, J. John D. Cook filed in DeKalb superior court a suit for divorce against Thelma Cook, alleging that in June, 1942, he and the defendant were married, and that in January, 1943, they separated because of continuous nagging by the defendant, which affected his health. The defendant answered, denying that the separation was the result of any conduct or fault on her part. She prayed that the plaintiff be not granted a divorce, and that she be awarded temporary and permanent alimony and counsel fees. On the hearing for temporary alimony, the evidence was conflicting as to who was at fault, and whether the plaintiff left on account of the cruel treatment, or in an effort to get rid of the defendant. Witnesses for the defendant testified as to her good character, that

she had asthma once in a while, and had been off from her work a little on that account; and that she earned from eight to ten dollars a week. She testified that her earnings were insufficient to pay her living expenses and that up until the separation she received an allotment check of $50 a month from the plaintiff who was in the United States Navy. After hearing evidence the judge refused temporary alimony, but awarded attorney's fees to the defendant. She excepted.

"On application for temporary alimony, the merits of the cause are not in issue, though the judge in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Code, § 30-205. Under numerous decisions of this court the discretion of the judge in allowing or disallowing temporary alimony under this section will not be controlled, unless that discretion is shown to have been flagrantly abused. Under the conflicting evidence, and other evidence before the court, it can not be said that any flagrant abuse of discretion appears in the disallowance of temporary alimony. *Williams* v. *Williams,* 114 *Ga.* 772 (40 S. E. 782); *Pearson* v. *Pearson,* 125 *Ga.* 132 (54 S. E. 194); *Coley* v. *Coley,* 128 *Ga.* 654 (2) (58 S. E. 205); *Moss* v. *Moss,* 196 *Ga.* 340 (26 S. E. 2d, 628).

Accordingly, the judgment disallowing temporary alimony will not be disturbed. *Judgment affirmed. All the Justices concur.*