### MATHIS *v.* MATHIS.

JENKINS, Presiding Justice. Prior to the passage of the married woman's property act and the adoption of the Code, it was the rule and practice, almost as a matter of course, to grant temporary alimony to the wife in her pending divorce suit. The Code, § 30-205, provides: "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." Accordingly, unless under the peculiar facts and circumstances of the case a judgment allowing or refusing temporary alimony shows abuse of the discretion vested in the judge, his judgment will not be disturbed. *Grant* v. *Grant*, 184 *Ga.* 339 (191 S. E. 98); *Gaulding* v. *Gaulding*,

184 *Ga.* 689 (192 S. E. 724); *Williams* v. *Williams*, 114 *Ga.* 772, 774 (40 S. E. 782); *Coley* v. *Coley*, 128 *Ga.* 654 (58 S. E. 205); *Moss* v. *Moss*, 196 *Ga.* 340 (26 S. E. 2d, 628); *Cook* v. *Cook*, 197 *Ga.* 703 (30 S. E. 2d, 479). The case of *Chapman* v. *Chapman*, 162 *Ga.* 358 (131 S. E. 875), was distinguished in the *Grant* case, supra. In *Maxwell* v. *Maxwell*, 177 *Ga.* 483 (170 S. E. 362), this court recognized the rule that a judgment refusing temporary alimony would not ordinarily be disturbed, but the judgment refusing temporary alimony was reversed because, while it appeared that the conduct of the wife was substantially blameless, it was shown "beyond controversy" that the conduct of the husband justified the wife in leaving him. In the instant case, all the facts relating to the "cause and circumstances of the separation" are in dispute, and the discretion exercised by the judge in refusing temporary alimony will not be overruled.

*Judgment affirmed. All the Justices concur.*

No. 15110. MARCH 6, 1945.

*Hallie B. Bell,* for plaintiff.
*Thomas A. Jacobs Jr.,* for defendant.