### 21660. JOHNSON v. JOHNSON.

Duckworth, Chief Justice. 1. Adultery may be proved by circumstantial evidence, but such evidence must infer as a necessary conclusion that adultery was committed. But if such evidence is fairly susceptible of two interpretations, one consistent with innocence and the other with guilt, it is not sufficient to prove adultery. 17 Am. Jur. 552, Divorce and Separation, § 432; *Weaver v. State,* 74 Ga. 376; *Starke v. State,* 97 Ga. 193 (23 SE 832); *Thompson v. State,* 61 Ga. App. 624 (7 SE2d 189). And there must be both (1) an opportunity and (2) an adulterous disposition in order for adultery to be inferred from circumstantial evidence. 17 Am. Jur. 552, Divorce and Separation, § 433.

2. The evidence here before the court on interlocutory hearing to determine temporary alimony disclosed that the petitioner's wife on a certain date left her home on Lookout Mountain in Walker County, Ga., supposedly to visit friends near Atlanta, Ga., but instead clandestinely met a certain man at a motel in Kentucky where they had adjoining rooms for several days and nights, were seen together at restaurants, driving together in automobiles and at the motel, entering and leaving each other's rooms and spending the nights together in her room with the lights off and a number of hours during the day; and thereafter she made certain admissions of wrongdoing to others and that she hoped her friends, her husband and her son would forgive her; and this evidence was uncontradicted, although *Code Ann.* § 38-1606 (Ga. L. 1951, pp. 596, 597) makes a person charged with adultery "competent to testify as to his or her innocence of such charge." Thus the wife having within her the power, opportunity to testify and deny, if true, the charge of adultery, a presumption arises under *Code* § 38-119 that the charge was well founded. Definite proof of adultery was shown such that it excludes every reasonable hypothesis save that of adultery, which the lower court could not ignore. See *Code* § 30-205; *Williams v. Williams,* 114 Ga. 772 (40 SE 782); *Johnson v. State,* 119 Ga. 446 (46 SE 634); *Harrison v. Odum,* 148 Ga. 489, 496 (96 SE 1038); *Hudson v. Hudson,* 189 Ga. 410, 411 (5 SE2d 912).

3. While the answer and cross-action of the wife contained allegations of denial and condonation, the evidence fails to show condonation of the cause of separation which the uncontradicted evidence discloses was the adultery of the wife, and even though there was conflicting testimony as to the cruelty of the husband, alleged as a ground of divorce in the cross-action, it follows that the court abused its discretion in awarding temporary alimony to the wife. *Code* § 30-205; *Davis v. Davis,* 134 Ga. 804 (68 SE 594, 30 LRA (NS) 73, 20 AC 20); *Grant v. Grant,* 184 Ga. 339 (2) (191 SE 98); *Bulloch v. Bulloch,* 188 Ga. 699, 700 (4 SE2d 630); *Hudson v. Hudson,* 189 Ga. 410, 411, supra; *Livingston v. Livingston,* 211 Ga. 420 (86 SE2d 288); *Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115).

4. Examination of the grounds of the demurrer to the answer

fails to disclose any error in the court's ruling sustaining some, but overruling other, grounds thereof. It is well settled that a defendant's pleas and answer may contain as many several matters as the defendant thinks necessary for his defense, and no part of the answer shall be striken out or rejected because it may be contradictory to other portions of the answer. *Code Ch.* 81-3, as amended.

5. The bill of exceptions fails to point out that the suppression of the depositions was harmful, since the evidence to be supplied by them is unknown to this court and the same might well be merely cumulative evidence or have no bearing on the issues. Thus, whether or not the depositions should have been returned by registered mail instead of certified mail, the assignment of error is without merit. However, the statute (*Code* § 38-2501) should be strictly construed, and even though the protection given to certified mail may be sufficient, the legislature having called for return by "registered mail," it could not possibly have meant certified mail which has since been created (Pub. L. 86-682, Sept. 2, 1960, 74 Stat. 680; Title 39, Ch. 81, §§ 5001, 5012).

6. Whether or not the objection to the question propounded to the witness on cross-examination that the ground of the cross-action for divorce here was similar to the grounds in three other divorces of the husband would require the production of the highest and best evidence was well taken, the answer elicited was that the witness did not know, which shows no harmful error, and this assignment of error is without merit.

7. For the reasons stated in headnotes 2 and 3 above, the

*Judgment is reversed. All the Justices concur.*

ARGUED MAY 15, 1962—DECIDED MAY 21, 1962.

*Frank M. Gleason, Miller, Martin, Hitchings, Tipton & Lenihan,* for plaintiff in error.

*Van Cleave, Hatfield & Parker, J. W. Van Cleave, W. A. McClure, McClure & McClure,* contra.