21689.   REYNOLDS v. REYNOLDS.

SUBMITTED MAY 15, 1962—DECIDED JUNE 25, 1962.

*Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, James C. Hill, Robt. R. Richardson, Harold N. Hill, Jr., Floyd E. Siefferman, Jr., Chas. C. Stebbins, Jr.,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Henry B. Troutman, Wm. H. Schroder, Allen E. Lockerman, Richard M. Scarlett, Daniel H. White, Preston Rawlins, Paul J. Varner, Bruce D. Dubberly,* contra.

MOBLEY, Justice. ■ The motion of the plaintiff in error, R. J. Reynolds, to withdraw his bill of exceptions is allowed. The motion of defendant in error to treat her cross-bill of exceptions as the main bill is granted. Her exception is to an order of the court of March 16, 1962, in part granting and in part denying her application for temporary alimony. This is an appealable order. *Code Ann.* § 6-903. Her bill of exceptions was tendered within thirty days from the judgment complained of and contains a proper assignment of error. It can be and is treated as a main bill. See *Latimer v. Bennett,* 167 Ga. 811, 812 (5) (146 SE 762); *Sumner v. Sumner,* 121 Ga. 1, 4 (2) (48 SE 727); *Fidelity &c. Co. of Md. v. Norwood,* 38 Ga. App. 534, 551 (7) (144 SE 387).

■ By reason of proceedings and events occurring since the alleged errors complained of in exceptions 1, 2, and 3, it is not necessary for this court to rule thereon.

Exception 3 was to an order of the court dated May 4, 1961, denying the application of the defendant for revision of an order of June 8, 1960, awarding temporary alimony of $1,042 per month, $62,500 attorneys' fees, and $21,777.28 in legal expenses. This court in *Reynolds v. Reynolds,* 217 Ga. 234,

260 (12) (123 SE2d 115), held that the award of $1,042 per month was inadequate, which answered the question as to additional support. Plaintiff in his brief says that "this court should not pass upon these assignments of error which have now been rendered moot by the filing of a substitute application for fees and expenses covering the period of time which formed the basis for her application now complained of by her. This court should never be called upon to pass upon abstract questions of law." Plaintiff concedes that the question of expenses and attorneys' fees presented in the application of June 8, 1960, is now before the court in the form of another application filed December 18, 1961. In view of the foregoing we hold that it is not necessary for this court to pass upon assignment of error number 3, and that the question there presented of additional attorneys' fees and legal expenses is open for decision by the court on the subsequent application filed December 18, 1961.

Assignment of error 1 complains of the refusal of the court to allow proof of certain expenses of counsel for defendant. Counsel concedes in his brief that proof of such expenses was later allowed. Likewise, the evidence which defendant sought and which the court denied him, which formed the basis of assignment of error 2, has since been furnished. Furthermore, this evidence was sought for use in the hearing on the application for additional attorneys' fees and expenses referred to in assignment of error 3. For these reasons it is not necessary for this court to pass on assignments of error 1 and 2.

Exceptions 4 through 8 relate to rulings and orders made on the motion of the wife for leave to perpetuate testimony of the husband and of Dr. Annemarie Schmitt pending the appeal to this court of the judgment of the court on the trial of the action of the husband for divorce and the cross-action of the wife for alimony. The evidence was sought for use in a second trial of the case, should a new trial be granted. Assignments of error 9 and 10 are to rulings of the court as to matters relating to defendant's effort to procure evidence for use in a second trial of the case and assignment of error 11 relates to the trial court's sustaining of plaintiff's special demur-

rer number 10 to paragraph 59 of defendant's rewritten answer and recrimination, which alleged gifts totalling more than $250,000 made to Annemarie Schmitt in less than one year. While under *Code Ann.* § 6-701 as amended in 1957 (Ga. L. 1957, pp. 224, 230) and *Code Ann.* § 6-903 it was proper for counsel to include these assignments of error in this appeal, clearly this court cannot determine that the rulings of the trial court on these matters having to do with procurement of evidence for use in a second trial of the case constitute harmful error, as any prejudice or harm done the defendant will not become apparent until the trial of the case. Likewise it is not necessary now to rule on assignment of error 11 complaining of the sustaining of a special demurrer to defendant's answer. The ruling here made is without prejudice to the right of defendant to include these exceptions in any appeal that may be taken from the judgment of the court rendered in the second trial of this case which resulted from the reversal of the case in *Reynolds v. Reynolds,* 217 Ga. 234, supra.

■ (a) Assignment of error 12 complains of the order of the court dated March 16, 1962, granting in part and refusing in part the wife's application for temporary support, attorneys' fees and legal expenses. After the judgment of this court in *Reynolds v. Reynolds,* 217 Ga. 234, supra, was made the judgment of the trial court, on return of the remittitur, Mrs. Reynolds on December 18, 1961, filed her petition for temporary support, attorneys' fees and legal expenses in which she prayed that she be awarded $20,000 per month from August 19, 1959, for support during the pendency of this litigation, unpaid attorneys' fees of $350,000 unreimbursed legal expenses of $33,522.22 to date of petition, $150,000 attorneys' fees for future service, and $35,000 for future expenses to be incurred. After hearing evidence, Judge Whaley increased the temporary alimony previously awarded by Judge Durrence of $1,042 per month to $5,000 per month, effective January 5, 1962, the date of the hearing by him of said application. In his order he reserved jurisdiction to pass upon the application for attorneys' fees and legal expenses until final disposition of plaintiff's bill of exceptions to his order of January 27, 1962, overruling plaintiff's

motion to strike defendant's application for attorneys' fees and legal expenses. (The latter is the bill of exceptions dealt with in Division 2 of this opinion.)

This court in *Reynolds v. Reynolds*, 217 Ga. 234, 260 (12), supra, held that from the evidence produced "it appears that the amount awarded [$1,042 per month for her support] is wholly insufficient to either maintain the defendant in the manner and custom in which she was maintained by the plaintiff . . . or to adequately enable her to contest the issues between her and her husband. . . Since temporary alimony continues when awarded (unless revised by the court) until the final termination of the cause, . . . the trial court should revise the award in the present case more reasonably in accord with the testimony in the case." Defendant contends that the award of $5,000 per month is inadequate, that the evidence showed that an award of $20,000 would be required to maintain her in the manner and custom in which she was maintained by her husband during the time they lived together, and that the court erred in not making the increased award effective as of August 19, 1959, the effective date of the original award of temporary alimony.

We are of the opinion that the court did err in not making the increased award effective as of August 19, 1959. The trial judge took the position that he did not know anything about the case prior to the time he took jurisdiction and would not be justified in going back of that time. This court held that the amount awarded ($1,042) was wholly insufficient under the evidence in the case to maintain defendant in the manner and custom to which she was entitled and that the court should revise the award more in accordance with the testimony in the case. All of the testimony referred to by this court and upon which its ruling was based was in the record, which was before the trial judge and available for his use in carrying out the ruling of this court that the award of temporary alimony should be revised. If she was entitled to $5,000 per month as of January 5, 1962, as the court found, she was under the evidence entitled to that amount as of August 19, 1959, the effective date of the original award. The court had ample authority, under

the decision of this court, to revise the original award and make it effective as of August 1959. It was its duty to do so. The trial court is directed to revise the judgment of March 16, 1962, accordingly.

As to the amount awarded, we cannot say that the trial judge abused his discretion in fixing the temporary alimony at $5,000 per month. While the evidence shows that plaintiff is worth $25,000,000, had capital gains of $6,040,000 in 1958 on which he paid $1,500,000 taxes, that he had adjusted gross income in 1957 of over $1,000,000 and that he is financially able to pay his wife much more than $60,000 per year, we do not think that we can say as a matter of law that the trial judge abused his discretion in not awarding more than $5,000 per month as temporary alimony, as the evidence does not demand a finding that the award is inadequate.

(b) The contention that the court erred in deferring action on the wife's request for additional attorneys' fees and expenses of litigation (the court having previously awarded $83,000 for such purposes) and in retaining jurisdiction for that purpose until after this court has disposed of the bill of exceptions to his ruling of January 27, 1962, overruling plaintiff's motion to strike defendant's application for attorneys' fees and expenses of litigation is without merit. The plaintiff by his general demurrer questioned whether the petition of the wife stated a cause of action for additional attorneys' fees and legal expenses. While the trial judge overruled the general demurrer, he was justified in deferring the granting or denial of the prayers for additional attorneys' fees and expenses of litigation until the question was answered by this court on the writ of error brought here by the plaintiff. He did not deny defendant's prayers for attorneys' fees and expenses, but merely postponed action thereon, which was not error. *Moss v. Moss*, 196 Ga. 340, 347 (26 SE2d 628).

*Judgment affirmed in part and reversed in part with directions. All the Justices concur.*