26034. GRAY v. GRAY.

ARGUED SEPTEMBER 17, 1970—DECIDED OCTOBER 8, 1970.

*Paul R. Koehler*, for appellant.
*Huie & Harland, Harry L. Cashin, Terrill A. Parker*, for appellee.

MOBLEY, Presiding Justice. Mrs. David M. Gray brought a complaint for divorce against her husband, to which he filed an answer and counterclaim. An interlocutory order was entered, after hearing, denying the wife temporary alimony and expenses of litigation, and designating Mrs. Margaret Gray, the paternal grandmother, as temporary guardian of the minor children. The wife appeals from this order.

The husband (appellee) contends that a direct appeal can not be taken from an order granting temporary custody of minor children (see *McKenzie v. McKenzie*, 225 Ga. 314 (168 SE2d 152)), and that this court should dismiss the appeal from that

portion of the trial judge's order relating to temporary custody of the minor children.

The judgment denying temporary alimony was an appealable judgment, and error may be assigned on the temporary custody order which was included in the same order, without reference to the appealability of the custody order standing alone. Ga. L. 1965, p. 18; Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701).

Pending a divorce action, the trial judge is authorized to place the minor children of the parties in the temporary custody of third parties. *Code* § 30-127, as amended; *Code* § 30-206. Under the conflicting evidence in the present case as to the fitness of either the father or the mother to have custody of the children, the judge did not abuse his discretion in making the paternal grandmother temporary custodian of the children. *Phillips v. Phillips*, 161 Ga. 79 (2) (129 SE 644).

■ The trial judge found from the evidence that the wife "had been having an illicit affair with another married man," and denied her temporary alimony and expenses of litigation. She assigns error on the finding of misconduct, and the denial of alimony. She also assigns error on the admission of hearsay testimony and certain documentary evidence.

The rules of evidence are not as strictly applied at an interlocutory hearing on an application for temporary alimony as in the final trial of the case. *Statham v. Statham*, 182 Ga. 805, 806 (187 SE 17); *Gaulding v. Gaulding*, 184 Ga. 689, 691 (192 SE 724). Much of the testimony was by depositions, and hearsay testimony was included in these. The trial judge stated that he would not consider inadmissible testimony, and in the absence of any statement in his judgment to the contrary, we must assume that he selected the legal testimony from that which was incompetent. *Bailey v. Holmes*, 163 Ga. 272, 275 (136 SE 60).

The evidence of adultery was circumstantial, and the wife denied the charge. Counsel for the wife relies on *Johnson v. Johnson*, 218 Ga. 28 (2) (126 SE2d 229), to support his assertion that circumstantial evidence would not be sufficient to prove adultery where the charge is denied under oath by the person accused. In the *Johnson* case the trial judge awarded temporary alimony to the wife, and this court held that the strong circum-

stantial evidence of adultery, undenied by her, was evidence that the trial judge could not ignore, and that he abused his discretion in granting her temporary alimony. This was not a ruling that the evidence of adultery must be without conflict to authorize a finding by the judge that alimony should be denied. See *Grant v. Grant*, 184 Ga. 339 (2) (191 SE 98).

It is the general rule that where the trial judge inquires into the cause of the separation of the parties, and the evidence is conflicting as to its cause, his discretion in disallowing temporary alimony, including expenses of litigation, will not be controlled. *Code* § 30-205; *Parks v. Parks*, 126 Ga. 437 (55 SE 176) ; *Moss v. Moss*, 196 Ga. 340 (26 SE2d 628) ; *Cook v. Cook*, 197 Ga. 703 (30 SE2d 479) ; *Mathis v. Mathis*, 199 Ga. 55 (33 SE2d 428).

There was no abuse of discretion in denying temporary alimony in the present case.

*Judgment affirmed. All the Justices concur.*