26875, 26876.   BARTLETT v. BARTLETT; and vice versa.

UNDERCOFLER, Justice. Ralph M. Bartlett filed an action for divorce against Virginia V. Bartlett on the ground of

cruel treatment. He subsequently amended his petition by adding adultery as an additional ground. The defendant filed an answer and a cross action seeking a divorce on the ground of cruel treatment. She also sought custody of their minor child, child support, temporary and permanent alimony, and an injunction to prevent the disposition of certain property by the complainant. After a hearing, the trial court by a temporary order awarded custody of the child to the complainant, granted the defendant $75 per week as temporary alimony, awarded $750 as temporary attorney's fees, restrained the plaintiff from disposing of certain property, and made provisions for certain insurance benefits. The complainant appeals to this court from this ruling and the defendant filed a cross appeal. *Held:*

1. The appellant contends that the trial court erred in excluding testimony of the wife as to her adultery.

The record shows that the wife admitted that she had engaged in sexual relations with named parties. In her subsequent testimony, however, she denied these adulterous acts. When the admissions were made, her counsel moved that they be excluded from the evidence and the motion was sustained. Counsel for the appellant contends that proper objections were not made to the evidence of admissions of adultery and that the trial court erred in excluding them. We do not agree.

*Code Ann.* § 38-1606 provides: "Nothing contained in section 38-1603 shall apply to any action, suit, or proceeding in any court, instituted in consequence of adultery: Provided, however, that this section shall not prevent a party charged with adultery from being competent to testify as to his or her innocence of such charge." Ga. L. 1866, pp. 138, 139; 1935, p. 120; 1951, pp. 596, 598.

In *Peacon v. Peacon,* 197 Ga. 748, 753 (30 SE2d 640), this court said: "The Act of 1866, supra (*Code* § 38-1606), plainly provides that nothing contained therein shall apply 'to any action, suit, or proceeding in any court, instituted in consequence of adultery.' The legislature en-

acted that, in changing the rule at common law so to permit a party to testify in a suit brought by himself, the common-law bar to his being a witness in 'any action, suit, or proceeding in any court, instituted in consequence of adultery' is expressly retained. To permit such incompetency to be waived by the opposite party would not merely affect his rights but would defeat the clear intent of the legislature. This cannot be done. In *Bishop v. Bishop* [124 Ga. 293, 52 SE 743] where a husband brought suit for divorce based on the alleged adultery of his wife, the husband, in answer to a question from her counsel as to why he left her, answered, 'Because I caught her in bed with another man.' On the question of the admissibility of this testimony under the circumstances, this court said: 'Public policy forbids that a husband should be permitted to thus testify, although there may be no objection, or even if there should be an agreement for him to do so. If adultery was not involved in this issue, the evidence would have been wholly immaterial. But it is evident that it was directly relied on to prevent a judgment for alimony in favor of the wife.'" See *Boone v. Boone,* 225 Ga. 610 (170 SE2d 414).

When the legislature amended *Code Ann.* § 38-1606 in 1951, it added the proviso that the section "shall not prevent a party charged with adultery from being competent to testify as to his or her innocence of such charge." This amendment does not allow a party to testify as to his or her guilt of such charge. It follows that it is against the public policy of this State for a party to testify as to his or her guilt of adultery, and such testimony should be stricken from the evidence with or without objection thereto.

In this case the wife in her testimony positively denied that she had adulterous relations with any of the named parties. Therefore, the ruling in *Johnson v. Johnson,* 218 Ga. 28, 29 (126 SE2d 229) is not applicable here.

2. The appellant contends that the trial court erred in

awarding temporary alimony and attorney's fees to the defendant.

There is evidence in this case of cruel treatment of the wife by the husband and evidence in which she denied the adulterous acts charged.

"It is the general rule that where the trial judge inquires into the cause of the separation of the parties, and the evidence is conflicting as to its cause, his discretion in disallowing temporary alimony, including expenses of litigation, will not be controlled. *Code* § 30-205; *Parks v. Parks,* 126 Ga. 437 (55 SE 176); *Moss v. Moss,* 196 Ga. 340 (26 SE2d 628); *Cook v. Cook,* 197 Ga. 703 (30 SE2d 479); *Mathis v. Mathis,* 199 Ga. 55 (33 SE2d 428)." *Gray v. Gray,* 226 Ga. 767, 769 (177 SE2d 575).

The trial court did not abuse its discretion in granting temporary alimony and expenses of litigation in the present case.

*Judgment affirmed on the main appeal; cross appeal dismissed. All the Justices concur.*

ARGUED DECEMBER 14, 1971—DECIDED JANUARY 6, 1972.

*Johnston & McCarter, Ralph E. Carlisle,* for appellant.

*Scheer & Elsner, Robert A. Elsner, Gary Whittick,* for appellee.