27733. GOLDMAN v. GOLDMAN.

ARGUED FEBRUARY 13, 1973 — DECIDED MARCH 8, 1973.

Divorce. DeKalb Superior Court. Before Judge Tillman.

*Peek, Whaley & Haldi, William H. Whaley, Glenville Haldi,* for appellant.

*Nall, Miller & Cadenhead, Gerald A. Friedlander, A. Paul Cadenhead,* for appellee.

GRICE, Presiding Justice. Mrs. Ethel Lund Goldman appeals from the judgment of the Superior Court of DeKalb County denying her prayers for temporary alimony and attorney's fees in her complaint for divorce against Jesse Myerson Goldman.

The appellant insists that since there was no dispute in the evidence presented at the hearing upon this matter as to her monthly needs or her lack of income and earnings, it was error for the trial court to deny her temporary alimony and attorney's fees.

We do not agree.

Under Georgia law the grant of temporary alimony and attorney's fees is clearly within the discretion of the trial court. Code §§ 30-202, 30-203, 30-205. Therefore, the only issue before this court is whether based upon the evidence the ruling of the trial court was a manifest or flagrant abuse of its discretion. *Moss v. Moss,* 196 Ga. 340 (26 SE2d 628); *Cook v. Cook,* 197 Ga. 703 (30 SE2d 479); *Roehrman v. Roehrman,* 219 Ga. 52 (131 SE2d 558); *Brock v. Brock,* 228 Ga. 500 (186 SE2d 537).

The evidence adduced here was in essential part as follows: that the wife was 59 years old and the husband 60 years, and that they had been married approximately

39 years; that there were two grown sons who were doctors and not dependent; that the husband was a pharmacist and the parties had operated the Howell House Pharmacy for about 19 years until it was sold on February 1, 1972, that up until some two years before the pharmacy was sold the wife had worked there in various capacities, earning $110 a week; that she had invested her earnings and an inheritance in stocks, and owned assets in her own name worth between $40,000 and $50,000; that all the assets acquired by the husband during the marriage, primarily real estate, had been placed in their joint names; that their home, in which the wife was presently living, was free of mortgage and in the wife's name; that the wife was unemployed and received only $1,600 a year in dividend income; that the husband's debts were currently more than he had in liquid assets; that he worked part time making a net income of approximately $450 a month; that neither the husband nor the wife was physically able to work full time; and that both of them estimated their living expenses at around $500 a month.

As we view this evidence, it cannot be said that a flagrant abuse of discretion was manifested by the trial court in denying the wife temporary alimony and attorney's fees.

*Judgment affirmed. All the Justices concur.*