## COLLINS v. COLLINS.

On the allegations in the petition, and on the facts set forth in the answer and in the affidavits submitted at the hearing for temporary alimony, there was no abuse of discretion in granting a monthly allowance for such alimony, and a stated sum for attorney's fees.          *Judgment affirmed.*

April 16, 1894.   Argued at the last term.

Application for alimony. Before Judge BUTT. Taylor county. August 28, 1893.

The parties were married on June 23, 1892, lived together for two months, and separated. The husband was eighty years of age; the wife a young woman. On July 1, 1893, she brought her petition for alimony and counsel fees; and the court allowed $12 per month as

temporary alimony, and $50 as counsel fees. For petitioner it appeared, that the respondent had a widowed daughter of violent temper living in the house with him, who did all she could to make petitioner's married life miserable and to bring about a separation; that the respondent took no steps to prevent or remedy this, and although he had promised to provide a separate place for the daughter to live in, failed to keep the promise; that by this daughter's conduct petitioner was forced to leave respondent's house and return to the home of her mother, and respondent had neglected to furnish her any support, though so requested, and refused to pay the medical bill for attendance upon her at the birth of their child, March 23, 1893; that he owned about 1,500 acres of valuable lands, besides considerable personal property, and was well able to support her and her child; that he had falsely stated the child was not his; etc. For respondent the evidence conflicted with that of petitioner, and tended to show that she abandoned him without cause and in spite of all his persuasions, and had since refused to return to him though urged to do so; that he had not furnished her with money or provisions since the separation, but was still doing all in his power to induce her to return; that he had proposed to her that they live separate from the rest of his family, but she required him to turn his daughter adrift and build another house, which he could not do; that his land is poor, his taxable property not over $1,800, and he is in debt over $700; that he always treated his wife kindly and did all in his power to make her happy and contented; and that the allegations as to her ill treatment by his daughter were unfounded.

W. S. WALLACE, G. J. WILLIS and W. P. EDWARDS, for plaintiff in error. C. C. WEST, O. M. COLBERT and THORNTON & MCMICHAEL, *contra.*