STATHAM *v.* STATHAM.

No. 11115. July 3, 1936.

*James A. Fort* and *John A. Fort,* for plaintiff in error.

*Dykes & Dykes* and *Hollis Fort,* contra.

Russell, Chief Justice. The assignments of error presented by the bill of exceptions, though numerous, are all based on an order of the court allowing $175 per month temporary alimony and $400 as counsel fees. It is alleged that this judgment is so erroneous that it amounts to an abuse of discretion, because: (a) It is contrary to the evidence, and without evidence to support it. (b) It is contrary to law. (c) Under the pleadings in said case and the evidence submitted, the granting of any alimony was unauthorized. (d) The evidence affirmatively showed that the plaintiff had abandoned her husband without sufficient cause. (e) The allowance to the plaintiff as a support is excessive. (f) The court did not take into consideration the estate of the plaintiff in arriving at the amount allowed her. (g) The evidence shows that the estate of the plaintiff is ample as compared with that of the defendant. (h) The amount allowed is, under the evidence, more than a support for the plaintiff. (i) The amount allowed far

exceeds any amount warranted by the size and amount of the defendant's estate. (j) The amount allowed is excessive, in view of the evidence as to defendant's health and the amount of his probable income in the future. (k) Under the pleadings and the evidence a complete condonation was shown, and no new act of cruel treatment was alleged or proved, sufficient to revive the alleged acts of cruel treatment mentioned in the petition; and no acts were alleged or proved which justify the wife in abandoning or separating from her husband.

After a critical examination of the record we are of the opinion that no assignment of error in the bill of exceptions is meritorious. As appears from the evidence, the husband is worth from $100,000 to $125,000, and his average earnings are from $12,500 to $15,000 per annum. In 1934 he deposited in the Bank of Commerce over $23,000, in 1931 over $14,000, and in 1929 over $13,000. The court heard evidence as to the needs of the wife, her actual living expenses, doctor bills and medical bills. She owns a half interest in a farm. The court was authorized to find from the evidence that the value of this farm was hazardous so far as income is concerned. In the circumstances it can not be said that the allowance of $175 per month as temporary alimony and $400 as counsel fees is so excessive as to be an abuse of discretion which would require this court to reverse the judgment of the lower court.

As to the complaints of the court's rulings upon admissibility of testimony, the rule is that the same strictness as to the rules of evidence is not required on the hearing of an application for temporary alimony as is generally applied in the final trial of the case. In a case of the grant of temporary alimony, the amount of the allowance is subject at all times, as long as the suit is pending, to review and revision by the judge, who at any time, on proper application, may reduce or increase the temporary allowance technically called "temporary alimony." "Whenever an action for divorce, at the instance of either party, . . shall be pending, the wife may, at any regular term of the court in which the same shall be pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony *pending the cause;* and, after hearing both parties and evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of

litigation, as the condition of the husband and the facts of the case may justify." Code, § 30-202. "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; also any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused." § 30-203. Since, as we have pointed out, the order allowing temporary alimony is subject to revision, and since the merits of the cause are not in issue, the only question left for consideration is whether the order of the judge, in the circumstances alleged and proved, constituted an abuse of discretion. As to this, we are very clear that the judge did not in any respect abuse his discretion. *Judgment affirmed. All the Justices concur.*