## GAULDING *v.* GAULDING.

No. 11971. SEPTEMBER 14, 1937.

*Erwin & Nix* and *R. Howard Gordon,* for plaintiff in error.

*E. C. Stark,* contra.

JENKINS, Justice. 1. Before the passage of the married women's property act and the adoption of the Code, it was the rule and practice, almost as a matter of course, to grant temporary alimony to the wife in her pending divorce suit. Subsequently, in view of what is now section 30-205 of the Code, while the merits of the cause as to a divorce or permanent alimony are still not in issue, and while the judge will generally not refuse temporary alimony merely because the evidence is in conflict as to cause of separation, he is nevertheless permitted to "inquire into the cause and circumstances of the separation, . . and in his discretion may refuse [temporary alimony] altogether." *Williams* v. *Williams,* 114 *Ga.* 772, 774 (40 S. E. 782); *Coley* v. *Coley,* 128 *Ga.* 654 (2), 656 (58 S. E. 205); *Grant* v. *Grant,* 184 *Ga.* 339 (191 S. E. 98). Where on such a hearing for temporary alimony the judge follows the usual course and awards it to the wife, the exercise of his discretion will not be disturbed merely because the evidence was in conflict as to the cause and circumstances of the separation. *Collins* v. *Collins,* 94 *Ga.* 490 (19 S. E. 823); *Kelly* v. *Kelly,* 146 *Ga.* 362 (91 S. E. 120); *Hogan* v. *Hogan,* 148 *Ga.* 151 (3) (95 S. E. 272); *Swearingen* v. *Swearingen,* 19 *Ga.* 265 (3); *Caswell* v. *Caswell,* 179 *Ga.* 676 (177 S. E. 247); *Etheridge* v. *Etheridge,* 149 *Ga.* 44 (99 S. E. 37); *Smith* v. *Smith,* 125 *Ga.* 384 (53 S. E. 958). Under the evidence as to the financial circumstances of the husband and the conflicting testimony as to the reasons for the separation, the judge did not abuse his discretion in allowing the temporary alimony. As to what acts will constitute cruelty as a legal cause for divorce and separation, see *Phinizy* v. *Phinizy,* 154 *Ga.* 199 (2, c, d), 212 (114 S. E. 185); *Odom* v. *Odom,* 36 *Ga.* 286 (4), 317; *Ring* v. *Ring,* 118 *Ga.* 183, 188 (44 S. E. 861, 62 L. R. A. 878); *Smith* v. *Smith,* 119 *Ga.* 239 (46 S. E. 106); *Brown* v. *Brown,* 129 *Ga.* 246 (58 S. E. 825); *Stoner* v. *Stoner,* 134 *Ga.* 368 (67 S. E. 1030); *England* v. *England,* 148 *Ga.* 159 (96 S. E. 174); *Durham* v. *Durham,* 156 *Ga.* 454, 458 (119 S. E. 702); *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (2, a), 338-342 (125 S. E. 856); *Smith* v. *Smith,* 167 *Ga.* 98, 104 (145 S. E. 63); *Ross* v. *Ross,* 169 *Ga.* 524 (150 S. E. 822); *Wood* v. *Wood,* 179 *Ga.* 635

(176 S. E. 483). As to right to attorney's fees, see *Bennett* v. *Bennett*, 157 *Ga.* 848 (122 S. E. 616).

2. "The same strictness as to the rules of evidence is not required on the hearing of an application for temporary alimony as is generally applied in the final trial of the case." *Statham* v. *Statham*, 182 *Ga.* 805 (187 S. E. 17). In order for the erroneous admission of testimony to require a reversal of a temporary alimony award, it should be manifest that it influenced the award. The admission of newspaper clippings, merely announcing the marriage of the parties and showing a fact not in dispute, and of a part of an affidavit of a policewoman that "we have records of just such conduct on the part of men which is hard to believe," although admitting irrelevant evidence, can not reasonably be taken as having in any wise affected the judge in his allowance.

3. The judge did not err in admitting testimony in affidavits that the plaintiff was "a young woman of high social standing in this community, that her character is the best, and that she has entree into the best homes of her community," that "her family is among the best," and that the deponents had "never heard anything that would in the least reflect upon her character," over the objections that her character had not been put in issue by the defendant, that the evidence was irrelevant, and that the order of the judge referring to such evidence showed that it prejudicially affected his judgment. The evidence was proper, both to rebut the statement of the husband in his answer and affidavit at the hearing that the conduct of the wife "showed that she was a grafter and a racketeer," and also to throw light upon "the peculiar necessities of the wife, growing out of the pending litigation," and "all the circumstances of the parties," under the Code, §§ 30-202, 30-203, and to show "the circle of society" in which the parties were "accustomed to move." See *McGee* v. *McGee*, 10 *Ga.* 477.

4. Nor was it error to admit statements in the affidavit of a police officer and the affidavit of a police matron as to the physical and nervous condition of the wife immediately after her separation from her husband, on the ground that these were mere conclusions without supporting facts, since such facts were sufficiently set forth in the affidavits.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Bell, J., absent because of illness.*