## 31923. WILBANKS v. WILBANKS.

HILL, Justice.

A husband, the defendant in a divorce action, appeals the award of temporary alimony, child support and child custody on several grounds. After a hearing the trial court awarded custody of the parties' son to the wife and ordered the husband to pay $50 per week to the wife for child support. The court awarded possession of furniture and an automobile to the wife as further temporary alimony and support. The husband was ordered to pay for repairs to the automobile and to pay $100 towards the wife's attorney fees.

1. The husband contends that the trial court erred in failing to enter findings of fact and conclusions of law in the order for temporary alimony, child support and child custody. Code Ann. § 30-202 provides that a wife may ". . . apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause. . ." Code Ann. § 30-206 allows the judge also to determine child support and child custody by the same procedure. Section 81A-107 (b) of the Civil Practice Act denominates such applications as motions. Thus, an application for

temporary alimony, child support and child custody in a pending divorce case is a motion under the CPA.[1] See *Hines v. Hines,* 237 Ga. 755 (1) (229 SE2d 744) (1976). Code Ann. § 81A-152 (a) provides that findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in § 81A-141 (b) which pertains to motions to dismiss the action or claim.

The husband argues that Code Ann. § 81A-152 (a) requires findings of fact and conclusions of law be made in temporary alimony, child support and child custody orders which were heard before the judge alone, because Code Ann. § 6-701 provides that orders granting or refusing to grant temporary alimony may be appealed. However, Code Ann. § 30-205 expressly provides that on motion for temporary alimony, the merits of the cause are not in issue, although the judge may inquire into the circumstances and causes of the parties' separation which made the motion necessary. *Johnson v. Johnson,* 236 Ga. 647 (225 SE2d 36) (1976). This rule also pertains to temporary child support and child custody proceedings. See Code Ann. § 30-206. Because the merits of the pending action are not in issue, proceedings on temporary alimony, child support and child custody are not included in the category of actions tried without a jury for which Code Ann. § 81A-152 requires findings of fact and conclusions of law. The case relied upon by the husband, *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975), was not a temporary child custody case.

The trial court was not required to enter findings of fact and conclusions of law in awarding temporary alimony, child support and child custody.

2. The husband contends that his motion to discharge the wife's attorney was improperly denied. He contends that the attorney's efforts to settle the suit without trial constituted representation of both parties and created a conflict of interest. The husband testified, however, that he was advised by the attorney that the

---

[1] Although an application for temporary alimony, etc., may appear only as a prayer in a divorce complaint, we nevertheless deem such prayer to be a motion.

attorney represented the wife and not the husband. There was evidence to support the trial court's overruling of the husband's motion to discharge the wife's attorney.

3. The husband contends that the trial court erred by refusing to allow evidence offered to show the wife's adultery. No abuse of discretion has been shown. *Rogers v. Rogers,* 103 Ga. 763 (2) (30 SE 659) (1898); *Johnson v. Johnson,* supra.

4. The husband alleges three errors with regard to the evidence supporting the award of temporary alimony and child support. The first enumeration contends that the wife's testimony as to her expenses should not have been heard by the trial court because bills and other documents would be the best evidence, the absence of which was not explained. The second enumeration contends that the wife's testimony which reported the opinions of automobile repair personnel was improperly allowed because it is hearsay as to the need for and cost of repairs and that it is the opinions of purported experts not shown to be qualified. The husband also contends that the trial court incorrectly allowed a statement of his expenses to be introduced into evidence by the wife as relevant to the credibility of the husband who had testified as to his expenses. The husband urges that the statement should have been deemed improper evidence barred by Code Ann. § 38-408 because the statement was allegedly made by the husband and given to his wife's attorney with a view to a compromise.[2]

As previously noted, the merits of the underlying action are not in issue on a motion for temporary alimony. Code Ann. § 30-205. Hearings on motions for temporary alimony, child support and custody are heard by the judge alone. Code Ann. § 30-206. For these reasons the rules of evidence need not be strictly enforced in such hearings. *Statham v. Statham,* 182 Ga. 805, 806 (187 SE 17) (1936);

---

[2] An independent acknowledgment of fact may be received in evidence even though it was made during settlement negotiations. *Blakely Hardwood Lumber Co. v. Reynolds Bros. Lumber Co.,* 173 Ga. 602 (1) (160 SE 775) (1931).

*Gaulding v. Gaulding,* 184 Ga. 689 (2) (192 SE 724) (1937); *Gray v. Gray,* 226 Ga. 767 (2) (177 SE2d 575) (1970). The trial judge is allowed broad discretion to determine the evidence he will consider in his efforts to determine justly the preliminary and temporary relief requested by parties in divorce proceedings and in the absence of fundamental unfairness or manifest abuse of discretion, we will assume that the trial judge properly weighed all the evidence in reaching his decision to order temporary relief. *Gaulding v. Gaulding, Gray v. Gray,* supra. We find no error in the admission of evidence at the temporary alimony hearing.

5. The husband contends that since his monthly disposable income is $732, the temporary order is excessive. The trial court did not abuse its discretion. *Barnett v. Barnett,* 231 Ga. 808 (204 SE2d 168) (1974); *Johnson v. Johnson,* supra.

The remaining enumerations of error lack merit.

6. We have here an appeal of a temporary alimony, child support and child custody award. The appellant enumerates error upon the admission and exclusion of evidence and the amount of the temporary award. As can be seen from the cases cited above and others too numerous to mention, a trial judge has very broad discretion in determining temporary child custody and temporary alimony, and in evidentiary matters relating thereto. Thus, reversals on appeal in temporary alimony and child custody cases are the narrow exception rather than the vast norm and may even be called "rare."

If a litigant is dissatisfied with the trial court's temporary alimony and temporary child custody award, speedy relief may be obtained by seeking and expediting trial of the issues, rather than appealing.

Thus, appeals of temporary alimony and temporary child custody orders are time consuming and generally do not result in reversals, and even if one did, the victory, like the award, would only be temporary.

For these reasons, we wish to state for the benefit of the bar and the public that appeals in temporary alimony and child custody cases generally should not be taken unless it can be clearly shown by the appellant that the trial court committed grievous error or a gross abuse of

discretion.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan and Hall, JJ., concur. Ingram, J., concurs specially.*

ARGUED FEBRUARY 15, 1977 — DECIDED APRIL 21, 1977.

*Douglas W. McDonald,* for appellant.
*Oliver & Oliver, Robert F. Oliver,* for appellee.

INGRAM, Justice, concurring specially.

I concur in the judgment of the court in this case but not in the opinion. While I share the majority's concern that our caseload is steadily increasing, I do not think we should "chill" appeals with arguable merit in any kind of case in which an appeal is authorized by statute.

I find nothing in the law to support the new standard of review announced by the majority opinion that the appellant must clearly show the trial court "committed grievous error or a gross abuse of discretion."