34273, 34274. EARLY v. EARLY; and vice versa.

BOWLES, Justice.
Appellant-wife filed a complaint in DeKalb Superior Court seeking a divorce, temporary and permanent

alimony, and attorney fees. The appellee-husband answered, and filed a counterclaim for divorce. Appellant amended her complaint, striking her prayer for divorce.

After a hearing was held to consider appellant's prayer for temporary support and alimony, the trial judge issued an order, subsequently amended. The amended order continued in effect a restraining order, required appellant to hold appellee harmless on certain state and federal income tax obligations pending final adjudication of the claim between the parties, and awarded the wife temporary use and possession of an automobile, but required her to make all payments on the automobile. By the same order appellee was ordered to pay appellant $200 per month as temporary alimony; to maintain health insurance on appellant; to pay appellant's attorney fees and to make certain monthly payments to a local department store. Both parties appeal from this amended order of the trial court.

1. In Case No. 34273, the wife complains that the order requiring her to make payments on an automobile titled in the husband's name and holding her accountable for outstanding joint taxes owed by the parties amounts to an illegal award of alimony to the husband. We do not agree.

Proceedings for divorce and for alimony have always, under the practice of this state, been regarded as equitable. *Gorman v. Gorman,* 239 Ga. 312 (236 SE2d 652) (1977), and cits. " 'Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter.' *Fuller v. Dillon,* 220 Ga. 36(1f) (136 SE2d 733) (1964); Code Ann. § 37-105." *Gorman v. Gorman,* supra.

Evidence presented to the trial court showed that the income tax obligations had accrued on the wife's independent income. The court had equitable jurisdiction to protect the husband's property pending a final adjudication of the parties' rights by requiring the wife to pay amounts owing in the event of levy and seizure. The trial court's order did not make a determination of who was ultimately liable for amounts owed.

Likewise, the trial court had authority to order the

wife to make payments on an automobile titled in her husband's name, where evidence showed that the automobile was purchased for her adult child and the use of which was granted to the wife.

Neither portion of the order complained of awarded the wife's property to the husband. In the final adjudication of divorce and property rights, the wife may rightfully claim and be reimbursed for any amounts paid out by her which are found to be obligations of the husband. The trial court could exercise its equitable powers to temporarily protect the property interests of either party against the ostensible debts of the other party pending a trial on the issues. Absent a showing of abuse, its discretion will not be disturbed on appeal. *Wilbanks v. Wilbanks,* 238 Ga. 660 (234 SE2d 915) (1977).

2. In Case No. 34274, the husband complains that the trial court abused its discretion in awarding temporary alimony, medical expenses and attorney fees to the wife, and in ordering him to pay an indebtedness for a stove purchased for the wife's benefit.

This court will not control the discretion of the trial judge in awarding temporary alimony and attorney fees unless there is a manifest abuse of discretion. *Johnson v. Johnson,* 236 Ga. 647 (225 SE2d 36) (1976); *Wilbanks v. Wilbanks,* supra. After reviewing the record of the hearing, we find evidence to support the award of temporary alimony to the wife, and no abuse of discretion.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1979 — DECIDED JANUARY 31, 1979 — REHEARING DENIED FEBRUARY 14, 1979, IN CASE No. 34273.

*Swertfeger & Scott, L. Jack Swertfeger, Jr., Jack H. Thrasher,* for appellant.
*Paul C. Myers,* for appellee.