## A05A2013. IN RE ESTATE OF BARR.
### (630 SE2d 135)

BERNES, Judge.

George and James Davidson, co-executors of the estate of Lorraine D. Barr, appeal from the order entered by the Probate Court of Fulton County awarding prejudgment interest on a testamentary gift made to Richard Barr. Finding no error, we affirm.

The record reflects that Lorraine D. Barr died testate on September 18, 2001, naming her natural sons, George and James Davidson, as co-executors of her estate (the "Co-executors"). Barr bequested $100,000 to her stepson, appellee Richard Barr. However, the Co-executors refused to pay the $100,000 bequest, contending that appellee had not repaid the estate for an alleged $2,500 loan made to him by Barr five years prior to her death and had not made an itemized list of personal property he allegedly removed from Barr's home without permission.

On June 3, 2003, nearly two years after the testator's death, Barr filed his Petition for Settlement of Account, alleging that the Co-executors breached their fiduciary duties by failing to distribute his $100,000 bequest.[1] Following a hearing, the probate court specifically found that the appellants' basis for refusing to pay was "dubious" and was done "without authority." The probate court further found that there was "no basis for delay" in payment of the gift and that the Co-executors could have taken advantage of other legal remedies

---

[1] It is relevant to note in light of the dissent that the Co-executors never sought judicial guidance regarding the dispute prior to the filing of Barr's petition. See OCGA § 9-4-4; *Ga. Money Corp. v. Rissman*, 220 Ga. 476 (139 SE2d 486) (1964).

available to them instead of withholding payment of the gift for over two years, but chose not to exercise those options. Accordingly, the probate court ordered that Barr be paid the full amount of his bequest, plus prejudgment interest.

On appeal, the Co-executors' sole enumeration of error is that the probate court erred in awarding prejudgment interest. The record reflects that Barr's bequest of $100,000 to appellee was in the form of a general testamentary gift. See OCGA § 53-4-59 (defining "general testamentary gift").[2] Prejudgment interest on general testamentary gifts is addressed by a specific provision of the Probate Code, OCGA § 53-4-61, entitled "Time at which general or demonstrative testamentary gift bears interest." That provision states:

> A general . . . testamentary gift usually bears interest at the legal rate after the expiration of 12 months from the death of the testator; provided, however, that when a general . . . testamentary gift is to be paid at a later time or upon a later event, it bears no interest until such time or event.

OCGA § 53-4-61 (a). Based on this plain statutory language, the issue of whether the probate court should have awarded prejudgment interest is controlled by OCGA § 53-4-61.

The dissent instead relies upon OCGA § 7-4-15, the general statute dealing with interest on liquidated demands. But, under the rules of statutory construction, a specific statute normally prevails over a general one. *Metzger v. Americredit Financial Svcs.*, 273 Ga. App. 453, 459 (615 SE2d 120) (2005); *Hooks v. Cobb Center Pawn &c.*, 241 Ga. App. 305, 309 (6) (527 SE2d 566) (1999). It follows that the operative statute in this probate case is the more specific statute, OCGA § 53-4-61, rather than the more general one, OCGA § 7-4-15. See *DuBose v. Box*, 246 Ga. 660 (273 SE2d 101) (1980) (applying predecessor statute to OCGA § 53-4-61 in context of dispute over a decedent's will). See also *Southwestern Life Ins. Co. v. Middle Ga. Neurological Specialists*, 262 Ga. 273, 276 (2) (416 SE2d 496) (1992) (holding that the more specific prejudgment interest statute, OCGA

---

[2] OCGA § 53-4-59, entitled "Specific, demonstrative, general, or residuary testamentary gifts," provides:
> Testamentary gifts may be specific, demonstrative, general, or residuary. A specific testamentary gift directs the delivery of property particularly designated. A demonstrative testamentary gift designates the fund or property from which the gift is to be satisfied but nevertheless is an unconditional gift of the amount or value specified. A general testamentary gift does not direct the delivery of any particular property. A residuary testamentary gift includes all the property of the estate that is not effectively disposed of by other provisions of the will.

§ 33-25-10, governs whether prejudgment interest should be awarded on life insurance proceeds, not OCGA § 7-4-15).[3]

Applying OCGA § 53-4-61 to the case at hand, we conclude that the probate court did not abuse its equitable discretion in awarding prejudgment interest on the general testamentary gift made to appellee. Under subsection (b) of OCGA § 53-4-61, the requirement that prejudgment interest be awarded "yields to the equity and necessity of a particular case [(1)] if the condition of the estate as to the payment of debts and testamentary gifts is doubtful or [(2)] if the fund out of which the testamentary gift is to be paid is unavailable for all the charges made upon it or [(3)] if any other equitable circumstance intervenes." OCGA § 53-4-61 (b). Neither (1) nor (2) is relevant under the facts here; both conditions pertain to circumstances where it is doubtful that the estate, or a particular fund of the estate, will be able to pay out all of the claims or charges made upon them. Therefore, in the present action, the operative question is more generally whether "other equitable circumstances" intervened justifying a decision not to award prejudgment interest.

As such, the decision whether to award prejudgment interest was left to the sound equitable discretion of the probate court, and we will not reverse absent a clear and manifest abuse of that discretion. See generally *Dawson v. Dawson*, 277 Ga. 850, 851 (597 SE2d 114) (2004) (noting that trial court's exercise of its equitable powers "is generally a matter within the sound discretion of the trial court [and] should be sustained on review where such discretion has not been abused") (citation and punctuation omitted); *Early v. Early*, 243 Ga. 125, 127 (1) (252 SE2d 618) (1979) (applying abuse of discretion standard to trial court's exercise of its equitable powers). Given this deferential standard of review, we affirm the probate court's decision to award prejudgment interest under the circumstances of this case. The record does not reflect a manifest abuse of discretion, particularly in light of the specific findings made by the probate court, discussed supra.

Furthermore, contrary to the dissent's argument, an affirmance is warranted irrespective of whether a bona fide controversy existed over the full amount owed by the estate to appellee. In determining whether "other equitable circumstances" intervened justifying a decision not to award prejudgment interest under OCGA § 53-4-61,

---

[3] *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 143-144 (4) (589 SE2d 711) (2003), cited by the dissent, is inapposite. That case involved a dispute over an award of prejudgment interest made by the *superior court* pursuant to OCGA § 7-4-15 as part of litigation over a personal injury settlement. To the extent that the probate court was involved at all in the matter, it was to appoint a guardian for one of the plaintiffs, who was a minor, and to approve the underlying settlement that had been reached pursuant to former OCGA § 29-2-16 (e).

the probate court was entitled to consider whether a bona fide controversy existed as one of multiple factors relevant to balancing the equities at stake. See generally *Rice v. Lost Mountain Homeowners Assn.*, 269 Ga. App. 351, 357 (6) (604 SE2d 215) (2004) (indicating that when trial court is called to exercise its equitable powers, the trial court has broad discretion to consider all relevant factors as part of crafting its decision). However, because this case is governed by OCGA § 53-4-61 rather than OCGA § 7-4-15, resolution of whether a bona fide controversy existed between the parties is not dispositive. We must defer to the trial court's exercise of its discretion in balancing *all* of the equities involved.

*Judgment affirmed. Andrews, P. J., Blackburn, P. J., Smith, P. J., and Adams, J., concur. Miller and Ellington, JJ., dissent.*

MILLER, Judge, dissenting.

I respectfully dissent from the majority opinion. I agree that under traditional rules of statutory construction, a specific statute normally prevails over a general one. In this case, however, the specific prejudgment interest statute at issue (OCGA § 53-4-61 (a)), by its own terms, *yields* to prejudgment interest as available in equity under the general prejudgment interest statute (OCGA § 7-4-15). Since a bona fide dispute existed between the Co-executors and Barr regarding the amount that Barr was entitled to receive from the estate, and since the Co-executors were entitled to seek judicial guidance on this issue, prejudgment interest could not legally be awarded in this case until such time as the probate court issued its order resolving the bona fide dispute. For these reasons, I believe that we are required under OCGA § 7-4-15 to reverse the probate court's award of prejudgment interest.

OCGA § 53-4-61 (a) provides that

[a] general or demonstrative testamentary gift usually bears interest at the legal rate after the expiration of 12 months from the death of the testator; provided, however, that when a general or demonstrative testamentary gift is to be paid at a later time or upon a later event, it bears no interest until such time or event.

The statute then goes on to note in subsection (b), however, that

[t]he general rule described in subsection (a) of this Code section *yields* to the equity and necessity of a particular case *if the condition of the estate as to the payment of debts and testamentary gifts is doubtful* or if the fund out of which the

testamentary gift is to be paid is unavailable for all the charges made upon it or if any other equitable circumstance intervenes.

(Emphasis supplied.) OCGA § 53-4-61 (b).

Here, the probate court did not apply OCGA § 53-4-61 (a), as an award of prejudgment interest under that subsection would have mandated that prejudgment interest be awarded as of September 2002 — 12 months after the testatrix's death. Instead, the probate court awarded prejudgment interest as of January 2, 2003, four months after the time at which prejudgment interest would have been required under OCGA § 53-4-61 (a).

Thus, it is clear that the probate court and the majority believe that subsection (a) yielded in this case based on the requirements of subsection (b). However, the majority erroneously concludes that subsection (a) simply yielded in this case to "other equitable circumstances" under subsection (b). These equitable circumstances, according to the majority, somehow justify an award of prejudgment interest that ignores both the specific and the general statutes dealing with prejudgment interest. Compare OCGA § 53-4-61 (a) with OCGA § 7-4-15. The majority is incorrect.

OCGA § 53-4-61 (a) did not yield in this case based on "other equitable circumstances," but based on the condition of the estate as to the payment due Barr being in doubt. See OCGA § 53-4-61 (b).[4] Here, there was a bona fide dispute regarding what, exactly, Barr was entitled to receive from the estate. Indeed, "[e]very executor is entitled to judicial guidance as to what property he is called upon to administer as that of his testator when the question is subject to doubt and plausible contrary contentions of the parties at interest." (Citation and punctuation omitted.) *Delbello v. Bilyeu*, 274 Ga. 776, 778 (3) (560 SE2d 3) (2002). That the probate court entered its judgment ultimately characterizing the Co-executors' claims as "dubious" and concluded that they had withheld payment of Barr's bequest "without authority" does not make it otherwise.[5]

By affirming the probate court's award of prejudgment interest in equity, despite the existence of a bona fide dispute, the majority has

---

[4] OCGA § 53-4-61 (b) provides that subsection (a) yields under three separate circumstances: "[(1)] if the condition of the estate as to the payment of debts and testamentary gifts is doubtful *or* [(2)] if the fund out of which the testamentary gift is to be paid is unavailable for all the charges made upon it *or* [(3)] if any other equitable circumstance intervenes." (Emphases supplied.) The majority ignores the operative word "or" in its reading of the statute in its attempt to characterize the first and second circumstances as having essentially the same meaning.

[5] Indeed, the probate court agreed that a bona fide dispute existed here, as it denied Barr's claim for OCGA § 13-6-11 attorney fees.

allowed for an award of prejudgment interest based upon an uncertain sum, which is contrary to the provisions of OCGA § 7-4-15. OCGA § 7-4-15 is applicable here since the availability of prejudgment interest under OCGA § 53-4-61 (a) has "yielded" under subsection (b), and since the probate court's authority in equity is limited by law. "The rule that equity follows the law [is] the first maxim of equity, and it can not override and control the positive enactments of the statutes." *Lewis v. Bd. of Ed.*, 183 Ga. 687, 690 (1) (189 SE 233) (1936); accord *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 143-144 (4) (589 SE2d 711) (2003), citing OCGA § 7-4-15.

OCGA § 7-4-15 provides for the award of prejudgment interest upon liquidated demands rendered fixed and certain by agreement or otherwise. A claim, however, is unliquidated when there is a bona fide contention as to the amount owing. *Ryan v. Progressive Retailer Publishing Co.*, 16 Ga. App. 83, 89 (84 SE 834) (1915); *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570 (2) (344 SE2d 239) (1986). No evidence of record shows that Barr's entitlement to the bequest at issue was fixed and certain on January 2, 2003, the date from which the probate court awarded Barr prejudgment interest. Such award occurred five months before Barr filed his Petition for Settlement of Account. Further, the award was not made under OCGA § 53-4-61 (a) in that the one year anniversary of the testatrix's death had passed four months earlier. Under these circumstances, Barr's entitlement to prejudgment interest did not arise until the amount of the bequest due to him was reduced to judgment. *Ryan*, supra, 16 Ga. App. at 89; *Grange Mut.*, supra, 264 Ga. App. 143-144 (4), citing OCGA § 7-4-15.

The majority argues that the probate court's award of prejudgment interest should be affirmed, irrespective of the bona fide dispute, because such dispute was only "one of multiple factors relevant to balancing the equities at stake." Doing so, however, places executors in the untenable position of having to choose between paying an uncertain bequest or exposing the estate to prejudgment interest if the bequest is later upheld by the probate court. Subsection (a) of OCGA § 53-4-61 yields to equity as limited by law under subsection (b) of the Code section to avoid such a result.

Since the probate court's award of prejudgment interest was based upon an uncertain sum and was contrary to law, such an award constituted a clear abuse of discretion. As much as the majority would like to fashion a remedy to uphold the probate court's judgment, as appellate court judges we are bound by the constraints of the law. I therefore would reverse and remand with direction that the probate court award prejudgment interest from May 10, 2005, the date judgment was entered in favor of Barr.

I am authorized to state that Judge Ellington joins in this dissent.

DECIDED APRIL 13, 2006 — 

*Hughes & Kaplan, Robert W. Hughes, Jr.*, for appellant.
*Brenda Green Bates*, for appellee.